IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**GILBERTO TOLEDO**

**Plaintiff,**

**v.**

**JC PENNEY,**

**Defendant.**

**CIVIL NO. 15-1408 (GAG)**

## MEMORANDUM OPINION

On September 12, 2016, the Court held oral argument on the Motion for Summary Judgement pending in the above-captioned action at Docket No. 28 filed by JC Penney ("JCP" or "Defendant"). Gilberto Toledo ("Plaintiff") filed suit against Defendant alleging age discrimination in violation of the Age Discrimination in the Employment Act ("ADEA"), 28 U.S.C. §§ 623 *et sec*., Puerto Rico Law 100 of June 30, 1959 ("Law 100"), P.R. LAWS ANN. tit. 29, §§ 146 *et sec*., and the Constitution of the United States and the Commonwealth of Puerto Rico.

### I.     Relevant factual background

Plaintiff is a 59-year old salesperson at JCP's department retail store in Plaza Las Americas in San Juan, Puerto Rico. Plaintiff has been working as a Service Specialist in the footwear department since 2005, initially part-time and later on full-time, and he currently earns $15.72 per hour. It is an uncontested fact that Plaintiff's hourly pay rate has never been reduced, although he asserts that his salary has been adversely affected due to work-hour reduction.

**Civil No. 15-1408 (GAG)**

In January 2013, Plaintiff reported a fall in the store's escalator and as a result received medical treatment for around a year, pursuant to Workers Compensation Leave. In late March 2014, Plaintiff filed an internal complaint with JCP's Ethic and Compliance Reporting system. In essence, the complaint alleged that: (1) upon return to work from the accident, Plaintiff suffered a reduction in work hours; (2) when informed to his former store manager, Manuel Gonzalez, he told Plaintiff that JCP could hire "three part-time employees with his salary;" (3) when Plaintiff met with Susset Reyes, another store manager, and Monica Diaz, a Human Resource leader, they informed him that hour reduction was due to the fact that he averaged less than 35 work-hours in 2013;[1] (4) Mrs. Diaz continued to assign Plaintiff less than 25-30 hours per week, even though Mrs. Reyes petitioned for an experienced associate on the sales floor, and (5) finally, an incident had occurred when a store manager questioned Plaintiff as to his whereabouts in a hostile, threatening and aggressive manner in front of his co-workers. As a result of these allegations, JCP conducted an investigation led by Rosa M. Benitez, another Human Resources leader. The investigation concluded that: (1) Plaintiff was the employee under limited availability classification with the highest amount of work-hours; (2) most employees younger than Plaintiff and with limited availability worked less hours than him; (3) the 2014-2015 store budgets suffered significant reductions; (4) Plaintiff's work schedule was assigned in the same manner as all other employees, and (5) there was no age or disability based discrimination or persecution from any employee at JCP, among several other findings.

Additionally, and according to the investigation report, Plaintiff had been instructed by his supervisors that in order to increase working hours he had to increase work availability. Hence, Mrs. Diaz, as Human Resource leader, helped Plaintiff in accessing JCP's internal time and

---

[1] A total of 35 hours per-week constitutes the minimum hours required by JCP to be classified as a full-time employee.

2

attendance system, in order to change availability. Plaintiff only contests from the investigation's findings the manager and co-workers' version of the alleged hostile incident. Nevertheless, Defendant points out that the incident as reported by Plaintiff was completely unrelated to Plaintiff's age. Furthermore, Defendant posits that Plaintiff's reduction in hours was due to his voluntary limited work availability, because he was attending religious studies courses at a local college and had other personal activities. Plaintiff denies that his studies or other personal activities restricted his available work hours.

Defendant posits several facts as to how JCP's department stores operate in Puerto Rico. The following are relevant to this cause of action, and uncontested by Plaintiff: (1) JCP's associates can access and obtain copies of all company policies through computers ("associate kiosks") and other methods, and JCP has established procedures for channeling employee discrimination complaints; (2) the Human Resources Manager or Director for the Plaza Las America store, where Plaintiff works, schedules employees' hours to ensure the store is well staffed during all operating times, and (3) JCP may change work schedules according to store's needs, peak hours, among other factors. Although vaguely contested by Plaintiff, the record shows that JCP's employees do not have guaranteed specific amount work hours. In this respect, Plaintiff admitted during his deposition that he is aware that JCP takes into account the following specific factors to determine work-hour distribution among employees: (1) employee availability, which is controlled by the employee; (2) estimated sales volume on particular dates and times of the day, and (3) depending on the expected amount of customers, the system determines amount of work hours needed. Finally, Defendant highlights that since employees' availability for work - whether limited, unlimited or flexible- is an important factor in determining work schedule, it has at all times assigned Plaintiff work-hours pursuant to his availability and following the above-mentioned factors.

**II.     Discussion**

As a threshold matter, the Court noted at oral argument that Plaintiff's sworn statement (Docket No. 40-1) provided in support of his opposition should be stricken from the record because it constitutes a "sham affidavit." This sworn statement is contradictory and the testimony it contains was offered post-summary judgment stage to create issues of fact that would preclude summary judgment. (Docket No. 40) The First Circuit has held that "[w]here a party has given clear answers to unambiguous questions in discovery, that party cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, unless there is a *satisfactory explanation* of why the testimony [has] changed." Escribano-Reyes v. Prof'l Hepa Certificate Corp., 817 F.3d 380, 386 (1st Cir. 2016) (citing Hernandez–Loring v. Universidad Metropolitana, 233 F.3d 49, 54 (1st Cir. 2000) (internal quotation marks omitted) (emphasis added). At no moment has Plaintiff given an explanation for the contradictions or the late filing of Plaintiff's sworn testimony nor does the document itself contain any information as to why it was submitted post-discovery. Defendant posits that Plaintiff's sworn statement contradicts statements that Plaintiff admits in his response to Defendant's motion.  (Docket No. 43-1 at 2.)  Moreover, the statement contains self-serving allegations not properly supported by the record or the pleadings. The Court will strike down this document because "[p]laintiff cannot attempt to create an issue of fact by filing a "sham affidavit", that is, one that contradicts prior deposition testimony." Rivera-Rocca v. RG Mortgage Corp., 535 F. Supp. 2d 276, 286, n. 5 (D.P.R. 2008) (citing Colburn v. Parker, 429 F.3d 325, 332 (1st Cir. 2005).

        A.  ADEA Claims

Defendant argues that Plaintiff must establish the third and fourth steps of their *prima facie* case of age based discrimination under ADEA and Law 100. (Docket No. 28.) The McDonnell-Douglas standard requires and initial showing that: (1) he was at least 40 years old at

4

the time of the adverse action; (2) he was qualified for the position; (3) suffered an adverse employment action, and (4) the employer did not treat neutrally or demonstrate a continuing need for his services. See Ramirez-Munoz v. Wyndham Grand Rio Mar Beach Resort & Spa, No. 13-1955 (PG), 2016 WL 1698291, at *7 (D.P.R. Apr. 26, 2016).  Defendant holds that Plaintiff meets the first two prongs, but fails to show the remaining two.  According to Defendant, Plaintiff did not suffer an adverse employment action.  (Docket No. 28 at 13-16.)  In support of its contention, Defendant argues the following: (1) JCP assigned Plaintiff's work hours pursuant to his availability as well as the above-mentioned age neutral factors; (2) since 2012 Plaintiff voluntarily reduced his availability on several occasions for solely personal reasons; (3) consequently, there was a reduction in his work-hours and, as admitted by Plaintiff, his hourly pay rate has never been reduced; (4) he has never been demoted, (5) and the terms and conditions of his employment have never been affected.  (Docket No. 43 at 4.)  Moreover, Defendant contends Plaintiff provides no evidence that age was a motivating factor in the reduction of his hours.  The incident involving the store manager's comments about hiring "three younger part-time employees with his salary" were first mentioned in the current suit and were not part of the internal complaint to JCP's Ethics and Compliance Reporting system.  (Docket No. 28-1 ¶ 110.)

The Court finds that there is no issue of fact considering that Plaintiff has utterly failed to prove his *prima facie* case under the ADEA.  Namely, the record is devoid of evidence of the following requirements: (1) an adverse employment action; (2) an age-based "but for" casual nexus or motivating factor for discrimination, and (3) evidence that Defendant's proffered reasons for Plaintiff's work-hour reduction establishes a pretext concealing a discriminatory *animus*.

A Plaintiff has to prove an adverse employment action to fulfill an essential step in the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) for ADEA discrimination cases.  The inquiry of whether an employment action is "adverse," and

therefore actionable, is gauged by an *objective* standard. See Blackie v. Maine, 75 F.3d 716, 725-726 (1st Cir. 1996) (emphasis added). Similarly, "[t]o be adverse, an action must *materially change the conditions of plaintiff's employ*." Gu v. Boston Police Department, 312 F.3d 6, 14 (1st Cir. 2002) (citation omitted) (emphasis added). Additionally, in an ADEA or Law 100 discrimination case, Plaintiff has to prove that age was the "but for" cause or motivating factor of the employer's adverse decision, respectively. See Palacios v. First Bank Puerto Rico, No. 11-1420 (GAG), 2012 WL 3837443 at *9 (D.P.R 2012) ("The analysis under ADEA and Law 100 is practically the same."). Finally, Plaintiff has to show, by a preponderance of the evidence, the existence of impermissible discriminatory *animus* on the part of the employer. See Feliciano de la Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 6 (1st Cir. 2000).

As supported by the record and discussed at oral argument, there is no doubt that Plaintiff's hours were indeed reduced. Plaintiff's total work-hours were reduced from 1,618.80 total worked hours in 2013 to 1,303.60 in 2014. (Docket No. 28-1 ¶ 82.) However, this fact alone does not indicate a discriminatory action taken by Defendant. The record shows that hours were also reduced for employees younger than Plaintiff during the time-period in question. For example, the following younger employees that worked alongside Plaintiff in the men's shoe department between mid-2013 and mid-2014 suffered significant hour reduction: (1) Javi Agosto went from 418.10 to 107.50 total work hours; (2) Giovanni Rivera went from, 702.5 to 142.7 total worked hours, and (3) Charinel Canales went from 1,439 to 556.10 total work hours. (Docket No. 28-1 ¶ 90.)

Defendant reduced employee's work-hour while considering other factors, such as employee availability (whether limited, unlimited or flexible), estimated sales volume, the expected amount of customers store's needs, and peak hours. (Docket No. 28-1 ¶¶ 9-12.) In this respect, Plaintiff's limited work-hour availability certainly impacted his hour reduction. (Docket

**Civil No. 15-1408 (GAG)**

No. 43 at 10.)  On top of all these factors, Defendant's Plaza Las America store annual budget has decreased by 13.71% in 2013, 5% in 2014, and 4% in 2015, and these budgetary constraints have inevitably impacted the scheduling of all employees.  (Docket No. 28-1 ¶ 14.)  "The ADEA does not stop a company from discharging an employee for any reason (fair or unfair) or for no reason, so long as the decision to fire does not stem from the person's age."  Mesnick v. Gen. Elec. Co., 950 F.2d 816, 825 (1st Cir. 1991) (citations omitted)  "Courts may not sit as super personnel departments, assessing the merits—or even the rationality—of employers' nondiscriminatory business decisions."  Id.  Defendant's action ultimately exhibits an across the board work-hour reduction for all employees based on a private company's reasonable business decision.  In fact, Plaintiff is still employed by Defendant, (Docket. No. 28-1 ¶ 31), and as presented at oral argument, he could at any time change his work-hour availability and request another work schedule.  Thus, this Court will not "second-guess the business decisions of an employer."  Pena v. Crowley Am. Transp., Inc., 172 F. Supp. 2d 321, 329 (D.P.R. 2001).

Consequently, Plaintiff failed to provide sufficient evidence to support its *prima facie* case of age-discrimination.  The court **GRANTS** Defendant's motion for summary judgment at Docket No. 28 and **DISMISSES** Plaintiff's claims.

**SO ORDERED.**

In San Juan, Puerto Rico this 16th day of September, 2016.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge